**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3187
_____

WINGATE INNS INTERNATIONAL, INC., a Delaware
Corporation, successor in interest to HOTEL Franchising
Partnership doing business as WINGATE INNS, L.P.

v.

HIGHTECH INN.COM, LLC, and Oregon Limited Liability Company;
ENGINEERING DESIGN CORPORATION, an Oregon Corporation;
SHANTU N. SHAH, an individual; BAKULESH PATEL, an individual

SHANTU N. SHAH, an individual,
Third Party Plaintiff

v.

BUGGSI HOSPITALITY GROUP, LLC, an Oregon Limited
Liability Company; RAJU PATEL, Chief Financial Officer of
Buggsi Hospitality, an individual, ROBERT LOEWEN,
Executive Vice President and Chief Financial Officer of
Wyndham Group, LLC, an individual,
Third Party Defendants

SHANTUN N. SHAH,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-cv-05014)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 23, 2011

1

Before:  SCIRICA, SMITH and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 26, 2011)

_____

OPINION

_____

PER CURIAM

Shantu N. Shah, proceeding pro se, appeals from the order of the District Court denying his motion for reconsideration and for default judgment and granting defendants' motion to dismiss.  For the following reasons, we will affirm.

I.

In October 2007, Wingate Inns International, Inc.  ("Wingate") filed a complaint in District Court against Hightech Inn.com, LLC ("Hightech") and Bakulesh Patel ("Bakulesh") seeking to recover damages owed under a settlement agreement reached after an alleged breach of a franchise agreement.  Wingate also alleged that Shah was secondarily liable for the damages.  Shah answered the complaint and filed counterclaims against Wingate, cross-claims against Hightech and Bakulesh, and a third-party complaint against Buggsi Hospitality Group, LLC ("Buggsi"), Raju Patel ("Raju"), and Robert Loewen ("Loewen") (collectively "the defendants").  He alleged claims arising under 18 U.S.C. § 1962(c) (substantive RICO claim), 18 U.S.C. § 1962(d) (conspiracy to commit a violation under § 1962), Or. Rev. Stat. § 166.720 (Oregon RICO), N.J. Stat. Ann. § 2C:41-2 (New Jersey RICO), 18 U.S.C. § 1951 (Hobbs Act), 18 U.S.C. § 666 (theft or bribery involving federal funds), and common law breach of fiduciary duty.

2

In April 2008, Wingate's claims against Hightech and Bakulesh were dismissed, following a settlement agreement.

Pursuant to Shah's motions, the District Court entered default against Hightech and Bakulesh in April 2008, and against Buggsi and Raju in May 2008, for failure to appear. In June 2008, upon defense counsel's motion, the court vacated the default against Hightech and Bakulesh and granted a motion to allow all of the defendants to join a motion to dismiss filed by Loewen and Wingate. In May 2009, Shah filed another request for entry of default against the defendants because they entered appearances late in the action.

In December 2008, the District Court granted Loewen's motion to dismiss Shah's third-party complaint. The court granted Shah two thirty-day extensions to file an amended third-party complaint. Shah did not file the amended complaint, but eventually filed a motion for reconsideration.

In December 2009, the court vacated the default against Raju. On the same day, the District Court denied Shah's motion for reconsideration of its order dismissing his claims against Loewen and granted Wingate's motion for judgment on the pleadings.[1] The court granted Shah leave to amend his mail and wire fraud claims within thirty-days. In January 2010, the District Court denied Shah's motions for entry of default against the defendants and entry of default judgment against Buggsi. Instead of re-filing his mail and wire fraud claims, Shah filed another motion for entry of default judgment against

---

[1] Hightech, Bakulesh, and Raju joined the motion.

Buggsi and Raju and a motion for reconsideration of the order dismissing his claims against Wingate.

On June 21, 2010, the District Court denied Shah's motions for reconsideration and for default judgment, and granted the remaining defendants' (Hightech, Bakulesh, Raju, and Buggsi) motion to dismiss. Shah filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

II.

A. Motion for Reconsideration

We review a denial of a motion for reconsideration for abuse of discretion, while reviewing the District Court's underlying legal determinations de novo and its factual determinations for clear error. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). A motion for reconsideration under Rule 59(e) must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

The District Court granted Wingate's motion for judgment on the pleadings, finding that Shah did not allege facts sufficient to sustain a RICO claim (under federal or state laws) or a conspiracy under the federal RICO statute.[2] In his motion, Shah asked the District Court to reconsider its decision in light of Beck v. Prupis, 529 U.S. 494 (2000), which he claimed overruled Lightning Lube v. Witco Corp., 4 F.3d 1153 (3d Cir.

_____

[2] In addition, the court determined that Shah's breach of fiduciary duty claim was merely an unsupported conclusory allegation. The court also found that Shah lacked standing to prosecute criminal acts under the Hobbs Act or the federal theft or bribery statutes.

4

1993) and constituted a change in RICO law. For substantially the reasons stated by the District Court, this argument is without merit. Accordingly, we conclude that the District Court did not abuse its discretion in denying the motion to reconsider.

B. Renewed Motion for Default Judgment

We review a denial of a motion for default judgment for abuse of discretion. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). A District Court considers whether the plaintiff would be prejudiced if default is denied, whether the defendant appears to have a litigable defense, and whether the defendant's delay is due to culpable conduct. Id. Shah argues that Buggsi filed "late answers or appearances without an excusable reason." However, as the District Court found, late filing and appearances cannot stand as the basis for a default judgment. Accordingly, the District Court properly denied default judgment.

C. Motion to Dismiss

Our review of a District Court's order granting a motion to dismiss is plenary. See Santiago v. GMAC Mortgage Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The District Court found that Shah failed to state a claim for relief under Federal

5

Rule of Civil Procedure 12(b)(6). To survive dismissal under Rule 12(b)(6), a complaint must contain more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. His claims against the moving defendants (Hightech, Bakulesh, Raju, and Buggsi) were the same as those he raised against Wingate. As stated above, the District Court found that Shah failed to allege sufficient facts to establish a pattern of racketeering, conspiracy under the RICO statute, or any breach of fiduciary duty. The court properly concluded that the same findings applied to Shah's claims against the moving defendants. Thus, we agree that Shah filed to state a claim upon which relief can be granted.

III.

For the foregoing reasons, we will affirm the District Court's judgment.[3] Shah's motion to strike Appellee's brief and index is denied.

---

[3] Shah's motion to file a second reply brief is granted. We considered both of his reply briefs in reaching our decision.